Michael T. Hornak (State Bar No. 81936)
mhornak@rutan.com
Zack Broslavsky (State Bar No. 241736)
zbroslavsky@rutan.com
Chelsea A. Epps (State Bar No. 261026)
cepps@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Plaintiffs
John C. Pentz and Mexico Desarrollos
Socios S. de R.L. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. PENTZ; MEXICO DESARROLLOS SOCIOS S. DE R.L. C.V., <br><br> Plaintiffs, <br><br> v. <br><br> KIMCO REALTY CORPORATION; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. SA CV-11-111JST (FMDx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND TO SUPERIOR COURT** <br><br> Date:  March 14, 2011 <br> Time:  10:00 a.m. <br> Courtroom:  10A <br><br> [Filed concurrently with Notice of Motion and Motion to Remand; Declarations of John C. Pentz and Zack Broslavsky; and [Proposed] Order Granting Motion to Remand] <br><br> Date Action Filed:   December 17, 2010 <br> Date Action Removed: January 20, 2011 |

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

## TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION AND SUMMARY OF ARGUMENT | 1 |
| II. DEFENDANT CANNOT MEET ITS BURDEN TO ESTABLISH THAT REMOVAL WAS PROPER AND THEREFORE, THE ACTION SHOULD BE REMANDED | 3 |
|    A. Removal Is Improper Because Defendant Cannot Establish That Diversity Jurisdiction Exists With Respect To Pentz | 3 |
|       1. Pentz Is A United States Citizen Domiciled In Mexico | 5 |
|       2. Pentz Is Considered To Be A "Stateless Citizen" And Is Not Susceptible to Suit In Federal Court | 6 |
|       3. Pentz Was Not Fraudulently Joined In This Action | 7 |
|    B. Mexico Desarollos Is Not Subject To Federal Diversity Jurisdiction | 8 |
| III. DEFENDANT SHOULD BE ORDERED TO PAY PLAINTIFFS' ATTORNEYS' FEES AND COSTS FOR BRINGING THIS MOTION TO REMAND | 10 |
| IV. CONCLUSION | 12 |

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-i-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*B., Inc. v. Miller Brewing Co.,*
663 F.2d 545 (5th Cir. 1981) .................................................................................8

*Brady v. Brown,*
51 F.3d 810 (9th Cir. 1995) ............................................................................. 2, 7

*Carden v. Arkoma Associates*
494 U.S. 185, 100 S. Ct. 1015 (1990) ....................................................................9

*Cresswell v. Sullivan & Cromwell,*
922 F.2d 60 (2nd Cir. 1990) ........................................................................... 7, 10

*CTGW, LLC v. GSBS, PC,*
2010 U.S. Dist. LEXIS 69298 (W.D. 2010) .......................................................10

*De Leon v. Aurora Loan Servs.,*
2009 U.S. Dist. LEXIS 123138 (C.D. Cal. 2009) ..................................................9

*Foslip Pharms., Inc. v. Metabolife Int'l, Inc.,*
92 F. Supp. 2d 891 (N.D. Iowa 2000) ....................................................................8

*Galva Foundry Co. v. Heiden,*
924 F.2d 729 (7th Cir. 1991) .................................................................................6

*Gaus v. Miles, Inc.,*
980 F.2d 564 (9th Cir. 1992) .................................................................................3

*Hawes v. Club Ecuestre El Comandante,*
598 F.2d 698 (1st Cir. 1979) .................................................................................4

*Janzen v. Goos,*
302 F.2d 421 (8th Cir. 1962) .................................................................................4

*JMTR Enterprises, L.L.C. v. Duchin,*
42 F. Supp. 2d 87 (D. Mass. 1999) ........................................................................9

*Johnson v. Columbia Properties Anchorage, LP*
437 F.3d 894 (9th Cir. 2006) .................................................................................9

*Kanter v. Warner-Lambert Co.,*
265 F.3d 853 (9th Cir. 2001) .................................................................................4

*Kantor v. Wellesley Galleries, Ltd.,*
704 F.2d 1088 (9th Cir. 1983) ...............................................................................4

*Kirby Morgan Dive Sys. v. Hydrospace Ltd.,*
2010 U.S. Dist. LEXIS 9657 (C.D. Jan. 13, 2010) ................................................9

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-ii-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

| | Page(s) |
|---|---|
| **FEDERAL CASES (CONT.)** | |
| *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S. Ct. 1673 (1994) | 3 |
| *LeBlanc v. Cleveland*, 248 F.3d 95 (2nd Cir. 2001) | 4 |
| *Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986) | 4, 5 |
| *McAnally Enterprises, Inc. v. McAnally*, 107 F. Supp. 2d 1223 (C.D. Cal. 2000) | 3 |
| *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.* 2008 U.S. Dist. LEXIS 22213 (C.D. Cal. 2008) | 5 |
| *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238 (6th Cir. 1993) | 11 |
| *Plute v. Roadway Package System, Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) | 7 |
| *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020 (11th Cir. 2004) | 9 |
| *Seedman v. United States Dist. Court*, 837 F.2d 413 (9th Cir. 1988) | 3 |
| *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514 (10th Cir. 1994) | 5 |
| *Stine v. Moore*, 213 F.2d 446 (5th Cir. 1954) | 5, 6 |
| *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 (3rd Cir. 2008) | 10 |
| *Turan Petroleum, Inc. v. Lentin*, 482 F. Supp. 2d 1170 (C.D. Cal. 2007) | 7 |
| *Walls v. Ahmed*, 832 F. Supp. 940 (E.D. Pa. 1993) | 4 |
| **FEDERAL STATUTES** | |
| 28 U.S.C | |
|    section 1332 | 10 |
|    section 1332(a)(1)-(3) | 4 |
|    section 1332(a)(3) | 7 |
|    section 1441(a) | 1 |
|    section 1447(c) | 1, 3, 10, 11 |
|    section 1447(d) | 3 |

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-iii-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs John C. Pentz ("Pentz") and Mexico Desarrollos Socios S. de R.L. de C.V. ("Mexico Desarrollos") (collectively referred to herein as "Plaintiffs"), move the Court, under 28 U.S.C. § 1447(c), for an order (1) remanding this case to the Superior Court of the State of California, for the County of Orange (the "Superior Court"), and (2) requiring removing defendant Kimco Realty Corporation ("Defendant") to pay Plaintiffs' attorneys' fees and costs.

### I. INTRODUCTION AND SUMMARY OF ARGUMENT.

On December 17, 2010, Plaintiffs filed a Complaint in the Superior Court against Defendant for (1) Breach of Implied Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Quasi-Contract; (4) Quantum Meruit; and (5) Intentional Interference with Prospective Economic Advantage. (Broslavsky Decl., ¶ 2.)

All of Plaintiffs' causes of action against Defendant arise under state law. Plaintiffs' first four causes of action are based on Defendant's breach of an agreement between the parties for the development of a large property in Mazatlan, Mexico into a shopping center and on Defendant's refusal to compensate Plaintiffs for the work performed in connection with the purchase and development of this property. Plaintiffs' fifth cause of action is based on Defendant's interference with a joint development venture which Plaintiffs were negotiating with a third party.

Defendant removed this action to federal court on or about January 20, 2011, alleging erroneously that this action is removable pursuant to 28 U.S.C. § 1441(a) on the basis of diversity of citizenship. (Broslavsky Decl., ¶ 3; Notice of Removal, at ¶¶ 9-15.) With respect to Plaintiffs' citizenship, Defendant alleged that "Plaintiff Pentz is now, and was at the time of the commencement of the State Court Action, a citizen of the State of California." (Notice of Removal, at ¶ 10.) Defendant further alleged that "Plaintiff Mexico Desarollos is now, and was at the time of the commencement of the State Court Action, a citizen of Mexico, a foreign state." (*Id.*

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-1-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

at ¶ 10.) Defendant's allegations of the citizenship of both Pentz and Mexico Desarrollos are inaccurate and cannot support diversity jurisdiction.

First, although Pentz is a citizen of the United States of America, since 2008 he has been domiciled in Mexico, not California. (Pentz Decl., ¶¶ 2-4.) When a United States citizen is domiciled abroad, the law is abundantly clear that he or she cannot sue or be sued in federal court on the basis of diversity jurisdiction. *See, e.g., Brady v. Brown,* 51 F.3d 810, 815 (9th Cir. 1995). Therefore Pentz's presence in this action deprives this Court of federal diversity jurisdiction.

Although Defendant makes the unsupported argument in its Notice of Removal that Pentz is a "sham Plaintiff," Defendant's position is without merit and irrelevant to the jurisdictional analysis. Even if it were assumed for argument's sake that Pentz is not a proper plaintiff -- which is not the case -- federal diversity jurisdiction would nonetheless be lacking because Mexico Desarrollos, a Mexican limited liability company, is a citizen of each state in which its members are citizens. Pentz and his family trust are the sole members of Mexico Desarrollos. (Pentz Decl., ¶ 7.) Thus, because Pentz is deemed to be "stateless" for diversity purposes and not amenable to suit in federal court, Mexico Desarrollos is likewise not subject to federal diversity jurisdiction.

Accordingly, because none of Plaintiffs' claims arise under federal law and diversity of citizenship is nonexistent, Defendant's removal of this action was improper and the Court should remand this case back to the Superior Court. In addition, the Court should order Defendant to pay Plaintiffs their attorneys' fees and costs because even after counsel for Plaintiffs showed Defendant's counsel the relevant facts, law, and documentary evidence demonstrating that removal was improper, Defendant failed to stipulate to a remand of this action and left Plaintiffs with no choice but to file the instant Motion.

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-2-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

## II. DEFENDANT CANNOT MEET ITS BURDEN TO ESTABLISH THAT REMOVAL WAS PROPER AND THEREFORE, THE ACTION SHOULD BE REMANDED.

Removal jurisdiction is disfavored and thus, strictly construed. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction.") Indeed, "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "Furthermore, 'strict construction is especially warranted in diversity cases, where concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created.'" *McAnally Enterprises, Inc. v. McAnally,* 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). "In the instant action, because federal jurisdiction here is based on diversity, concerns of comity favor construing the removal statute even more narrowly." *Id.* at 1229.

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus, supra,* 980 F.2d at 566. Therefore, "defendant bears the burden of actually proving the facts to support jurisdiction . . . ." *Id.* at 567. Where the defendant is unable to meet that burden, the action must be remanded. *Id.*

Remand is specifically authorized by 28 U.S.C. § 1447(c), which "requires a district court to remand a case to state court when it determines the case was improvidently removed." *Seedman v. United States Dist. Court,* 837 F.2d 413, 414 (9th Cir. 1988). "Remand orders based on section 1447(c) are unreviewable on 'appeal or otherwise.' 28 U.S.C. § 1447(d)." *Id.* (holding that remand order based on untimely removal cannot even be vacated by district court issuing it).

### A. Removal Is Improper Because Defendant Cannot Establish That Diversity Jurisdiction Exists With Respect To Pentz.

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). In order for a

Rutan & Tucker, LLP
attorneys at law
2400/028447-0001
1150879.03 a02/11/11
-3-
Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND

district court to be vested with subject matter jurisdiction over a case on the basis of diversity, the controversy must exceed the sum or value of $75,000, and must be between (1) citizens of different States, (2) citizens of a State and citizens or subjects of a foreign state, and (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332(a)(1)-(3). "The determination of a litigant's state citizenship for purposes of section 1332(a)(1) is controlled by federal common law, not by the law of any state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). To establish citizenship for diversity purposes under federal common law, a natural person must be both (a) a citizen of the United States, and (b) a domiciliary of one particular state. *Id.*

"A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The existence of domicile for diversity purposes is determined at the time the lawsuit was filed, rather than when the cause of action arose. *See, e.g., LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2nd Cir. 2001).

In addition, a person may change his or her domicile by establishing (i) some physical presence in a new location (ii) with intent to remain indefinitely. *See, e.g., Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). No minimum residence period is required to establish a new domicile. *Walls v. Ahmed*, 832 F. Supp. 940, 941 (E.D. Pa. 1993). Rather, if the requisite intent exists, a person acquires a new domicile immediately upon arriving at the new location. *Janzen v. Goos*, 302 F.2d 421, 425 (8th Cir. 1962); *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir. 1979) ("There is no minimum period of residency required. A citizen of the United States can instantly transfer his citizenship from one state to another").

In determining a person's domiciliary intent, courts have stressed that while no single factor is dispositive, intent is gauged by consideration of factors including length of residence, employment, location of personal and real property, location of

Rutan & Tucker, LLP
attorneys at law
2400/028447-0001
1150879.03 a02/11/11
-4-
Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

spouse and family, membership in unions and other organizations, and payment of taxes. *See, e.g., Lew v. Moss, supra,* 797 F.2d at 750; *see also Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 2008 U.S. Dist. LEXIS 22213, at *63 (C.D. Cal. 2008); Weil and Brown, California Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2009) § 2:276 (explaining that in determining one's domicile courts look to objective factors such as "length of residence, employment, location of assets, voting registration, address shown on driver's license, payment of state taxes, etc.")

### 1. Pentz Is A United States Citizen Domiciled In Mexico.

In this case, consideration of the factors enumerated above makes clear that Pentz is a United States citizen domiciled in Mexico. As a preliminary matter, a party's residence is "prima facie" evidence of domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). As attested to by Pentz in his declaration accompanying this Motion, Pentz is a citizen of the United States of America and a permanent resident of Mexico. (Pentz Decl., ¶ 2.) His residence is a 10,000 square foot home in the state of Baja California Sur, Mexico that he has been living in with his wife continuously since 2008. (*Id.* at ¶ 3.) This lawsuit was filed by Plaintiffs in the Superior Court on December 17, 2010, more than two years after Pentz established his permanent residence and domicile in Mexico. (*Id.*; see also Broslavsky Decl., ¶ 2.)

In addition to the fact that Pentz was a permanent resident of Mexico at the time this lawsuit was filed, and still permanently resides in Mexico, Pentz's actions and activities further substantiate his domiciliary intent to remain in Mexico. Mr. Pentz purchased his first condominium in Mexico in 2001. (Pentz Decl., ¶ 4.) Shortly after selling his home in Newport Beach, California on May 11, 2005, Pentz then purchased a large track of land in Mexico to have a custom home built there for him and his wife. (*Id.*) When the house was completed in 2008, Pentz officially

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-5-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

1  relocated to Mexico, stopped voting in California elections, and ceased paying
2  California state income taxes. (*Id.* at ¶¶ 4, 9, 10.) Since relocating to Mexico, Pentz
3  has spent 85% to 90% of his time in Mexico and regards himself as a permanent
4  resident of Mexico. (*Id.* at ¶ 4.) Pentz and his wife intend to continue residing at
5  their home in Mexico indefinitely. (*Id.* at ¶¶ 2-4.)

6  Moreover, Pentz owns eight companies that are established and organized
7  under the laws of Mexico, and over fifty percent of his investments and business
8  interests are in Mexico. (*Id.* at ¶ 7.) Pentz has been a member of a golf club near
9  his home in Mexico since 2007. (*Id.* at ¶ 5.) Pentz also keeps the majority of his
10 personal property and valuables in Mexico, including two personal vehicles and a
11 boat. (*Ibid.*) In addition, Pentz maintains personal and business bank accounts in
12 Mexico and pays taxes in Mexico. (*Id.* at ¶ 6.)

13 Based on the foregoing facts, there can be no doubt that Pentz acquired a
14 domicile in Mexico no later than 2008, when he moved into his permanent home in
15 Mexico with an intent to remain there. *See Stine, supra*, 213 F.2d at 448 ("If the
16 appellant made the change of residence from Texas to Louisiana with the bona fide
17 intention of making Louisiana his home and living there permanently, then his
18 domicile and citizenship were changed from Texas to Louisiana."); *see also Galva*
19 *Foundry Co. v. Heiden*, 924 F.2d 729, 730-731 (7th Cir. 1991) (although defendant
20 had a vacation home in Florida and a Florida driver's license and voter registration,
21 he was properly held to be an Illinois citizen for diversity purposes since he
22 maintained his permanent home in Illinois, spent the greater part of the year in
23 Illinois and retained private club memberships there). Accordingly, Pentz is deemed
24 to be domiciled in Mexico for diversity purposes.

25       **2.**     **Pentz Is Considered To Be A "Stateless Citizen" And Is Not**
26            **Susceptible to Suit In Federal Court.**

27 It is well settled that a United States citizen who is domiciled abroad, like
28 Pentz, does not fit into any of the statutory definitions of citizenship within the

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-6-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

federal diversity statute. *Brady v. Brown,* 51 F.3d 810, 815 (9th Cir. 1995) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State.") Therefore, Pentz is considered to be a "stateless citizen" for diversity purposes and cannot sue or be sued in federal court on the basis of diversity jurisdiction. *Id.* ("Because Brown was domiciled in Mexico, he was thus neither a "citizen of a state" nor an alien under 28 U.S.C. § 1332(a)(3), which confers jurisdiction when a citizen of one state sues both aliens and citizens of other states . . . . Brown's presence as a defendant thus destroyed the complete diversity required for federal jurisdiction."); *see also Turan Petroleum, Inc. v. Lentin*, 482 F. Supp. 2d 1170, 1172 (C.D. Cal. 2007) ("Defendant's declaration makes clear that she is a United States citizen domiciled abroad . . . . Thus, for the purposes of diversity, she is treated as 'stateless,' and her 'presence as a defendant thus destroy[s] complete diversity required for federal jurisdiction.'"); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68-69 (2nd Cir. 1990) (U.S. citizen domiciled abroad cannot ever be diverse from any opposing party).

### 3. Pentz Was Not Fraudulently Joined In This Action.

Defendant alleges in a cursory fashion in its Notice of Removal that removal is warranted because Pentz is a "sham Plaintiff" who was fraudulently joined in this action to defeat diversity. (Notice of Removal, at ¶¶ 16-18.) Defendant's position is without merit and irrelevant.

Federal authorities make clear that "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package System, Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "To establish that plaintiffs were fraudulently joined, the defendant must demonstrate by clear and convincing evidence that either (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts or (2) there is no possibility that the plaintiffs would be able to

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-7-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

establish a cause of action against the defendant in state court." *Foslip Pharms., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000). Moreover, "[i]n determining whether the defendant has met his burden of proving fraud, the Court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Id.*, quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981).

Here, it is obvious that Defendant cannot satisfy its heavy burden of establishing that plaintiff Pentz is a "sham Plaintiff." Contrary to Defendant's suggestion that all of Plaintiffs' claims derive solely from Defendant's business relationship with Mexico Desarollos, several of Plaintiffs' claims arise in part from Defendant's dealings and interactions with Pentz before Mexico Desarollos had any involvement in the transactions described in the Complaint. Specifically, Plaintiffs' Third and Fourth Causes of Action for Quasi-Contract and Quantum Meruit are based in part on the work performed by Pentz in his individual capacity before Mexico Desarrollos was even mentioned to Defendant or involved in the transaction. (See Broslavsky Decl. ¶ 2, Exh A [Complaint, at ¶¶ 38, 43.]) Similarly, Plaintiffs' Fifth Cause of Action for Intentional Interference is premised on false, disparaging, and malicious representations that were made about Pentz personally. (See Broslavsky Decl. ¶ 2, Exh A [Complaint at ¶ 51].) Accordingly, Defendant's allegation that Pentz is a "sham Plaintiff" must be disregarded.

### B. Mexico Desarollos Is Not Subject To Federal Diversity Jurisdiction.

Even assuming, *arguendo*, that Defendant's allegation that Pentz is not a proper plaintiff were true—which it is not—this Court would nonetheless lack the requisite diversity jurisdiction over Mexico Desarollos. In its Notice of Removal, Defendant fails to allege what type of business entity Mexico Desarollos is, and instead, makes the conclusory statement that Mexico Desarollos is a citizen of Mexico. (Notice of Removal, ¶ 11.) Mexico Desarollos, however, is a Mexican

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-8-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

limited liability company, whose members are Pentz and his family trust. (Pentz Decl. ¶ 7.)

It is well settled that the citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *See, e.g.*, *De Leon v. Aurora Loan Servs.*, 2009 U.S. Dist. LEXIS 123138 (C.D. Cal. 2009); *Johnson v. Columbia Properties Anchorage, LP* 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Thus, unlike a corporation, "[a] limited liability company is not a citizen of the state in which it was organized, unless one of its members is a citizen of that state." *JMTR Enterprises, L.L.C. v. Duchin*, 42 F. Supp. 2d 87, 93 (D. Mass. 1999). Moreover, foreign limited liability companies are treated the same way as domestic limited liability companies for diversity purposes. *See Kirby Morgan Dive Sys. v. Hydrospace Ltd.*, 2010 U.S. Dist. LEXIS 9657, at *7 (C.D. Jan. 13, 2010) ("Hydrospace is a limited liability company located in Scotland, and not an alien corporation. [] Thus, the citizenship of Hydrospace is determined by the citizenship of its members.")

Here, Defendant's Notice of Removal fails to identify the individual members of Mexico Desarrollos, much less the citizenship of each of the members, which is required for determining the citizenship of a limited liability company. Therefore, on its face, the Notice of Removal is insufficient to confer federal diversity jurisdiction over this action. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-1022 (11th Cir. 2004) (defendant could not meet its burden of establishing diversity where notice of removal did not list citizenship of each member of the limited liability company).

Moreover, the law is settled that since Pentz is a member of Mexico Desarrollos, Pentz's citizenship will determine the citizenship of Mexico Desarrollos for diversity purposes. *See, e.g., Carden v. Arkoma Associates*, 494 U.S. 185, 195, 100 S. Ct. 1015 (1990) (diversity jurisdiction in a suit by or against a

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-9-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

limited liability company or artificial entity depends on the citizenship of "all the members"). As explained above, Pentz is neither a "citizen of a State" nor "a citizen or subject of a foreign state" as required under 28 U.S.C § 1332. Consequently, irrespective of Pentz's presence as an individual plaintiff in this action, this Court lacks federal diversity jurisdiction over Mexico Desarrollos since it is also "stateless." *See, e.g., CTGW, LLC v. GSBS, PC*, 2010 U.S. Dist. LEXIS 69298 (W.D. 2010) ("If one member of a limited liability company is 'stateless,' the limited liability company itself is stateless and jurisdiction cannot be premised on *§ 1332(a)*."); *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 185 (3rd Cir. 2008) (holding that diversity jurisdiction did not exist where one partner was United States citizen living abroad because such persons are neither citizens of the State nor citizens or subjects of a foreign state for purposes of diversity jurisdiction); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2d Cir. 1990) (explaining that a suit against a partnership could not be premised on diversity if foreign-residing United States citizen partners are domiciled abroad since a partnership is deemed to take on the citizenship of each of its partners).

In sum, because federal diversity jurisdiction cannot be premised on the citizenship of Pentz or Mexico Desarrollos, which are both considered to be "stateless" for diversity purposes, Defendant's removal of this action is improper and this case must be remanded back to the Superior Court.

### III. DEFENDANT SHOULD BE ORDERED TO PAY PLAINTIFFS' ATTORNEYS' FEES AND COSTS FOR BRINGING THIS MOTION TO REMAND.

Defendant should be ordered to pay Plaintiffs' reasonable attorneys' fees and costs. In cases where a party successfully brings a motion for remand, the court is authorized to award that party its attorneys' fees and costs incurred as a result of removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-10-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

1  result of the removal.") The court has broad discretion to award attorneys' fees and
2  costs to a party successfully bringing a motion for remand. *See Morris v.*
3  *Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). Indeed, a finding of
4  an improper purpose is not necessary to support an award of fees and costs pursuant
5  to 28 U.S.C. § 1447(c). *Id.*
6       Here, Defendant refused to stipulate to remand this case, even after being
7  presented with the applicable law and facts demonstrating that there is no basis for
8  removal jurisdiction because diversity jurisdiction is lacking. To be sure, Plaintiffs
9  not only advised Defendant of the relevant legal authority, but also provided
10 Defendant with details concerning the addresses of Pentz's domicile in Mexico and
11 the home Pentz sold in California, and other information, including the articles of
12 registration, establishing that Mexico Desarrollos is a Mexican limited liability
13 company. (Broslavsky Decl., ¶¶ 4-6.) Despite the fact that Plaintiffs provided
14 Defendant with ample authority demonstrating that removal was improper and gave
15 Defendant multiple opportunities to stipulate to remand this matter to avoid
16 unnecessary judicial intervention and expense, Defendant persisted with its illogical
17 position that remand was unwarranted. (*Id.* at ¶ 7.) Defendant had no objectively
18 reasonable basis to refuse to stipulate to remand this action after being shown the
19 applicable law, facts and documentary evidence demonstrating that remand was
20 necessary under the circumstances.
21      Plaintiffs have incurred or will incur attorney's fees and costs in the amount
22 of no less than $10,210 as a result of Defendant's improper removal. (Broslavsky
23 Decl., ¶ 8.). Plaintiffs therefore respectfully request that the Court order Defendant
24 and his attorney, jointly and severally, to pay Plaintiffs' attorneys' fees and costs in
25 the amount of $10,210 as part of its order remanding this proceeding in accordance
26 with 28 U.S.C. § 1447(c).
27 ///
28 ///

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-11-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND

## IV. CONCLUSION.

Based on the foregoing, Plaintiffs respectfully request that this matter be remanded to the Superior Court of the State of California for the County of Orange. Plaintiffs further request that the Court order Defendant and his attorney, jointly and severally, to pay Plaintiffs' attorneys' fees and costs in the amount of $10,210 incurred as a result of Defendant's improper removal of this proceeding.

Dated: February 11, 2011

RUTAN & TUCKER, LLP
MICHAEL T. HORNAK
ZACK BROSLAVSKY
CHELSEA A. EPPS

By: */s/ Michael T. Hornak/*
Michael T. Hornak
Attorneys for Plaintiffs
John C. Pentz and Mexico Desarrollos Socios S. de R.L. de C.V.

Rutan & Tucker, LLP
attorneys at law

2400/028447-0001
1150879.03 a02/11/11

-12-

Case No. SA CV-11-111JST (FMDx)
POINTS AND AUTHORITIES IN SUPPORT
OF MOTION FOR REMAND