GREENBERG TRAURIG, LLP
ALAN A. GREENBERG (SBN 150827)
E-mail: greenbergal@gtlaw.com
ALANA R. CHIMES (SBN 254730)
E-mail: chimesa@gtlaw.com
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: 949-732-6500
Facsimile: 949-732-6501

Attorneys for Defendant
KIMCO REALTY CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. PENTZ; MEXICO DESARROLLOS SOCIOS S. DE R.L. DE C.V., <br><br>Plaintiffs, <br><br>vs. <br><br>KIMCO REALTY CORPORATION; and DOES 1 THROUGH 20, INCLUSIVE, <br><br>Defendants. | CASE NO.: SACV11-000111 JST (FMOx) <br><br>**KIMCO REALTY CORPORATION'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br>*[Filed Concurrently with Declaration of Rodrigo Conesa]* <br><br>**Assigned to the:** <br>**Judge Josephine Staton Tucker** |

**COURT'S ORDER TO SHOW CAUSE**

On January 20, 2011, Defendant Kimco Realty Corporation ("Kimco"), pursuant to 28 U.S.C. § 1332(a)(3) and 1332(a)(2), removed the present matter from the Superior Court of the State of California, County of Orange, on the basis of diversity jurisdiction.[1] On February 9, 2011, the Court issued an Order to Show Cause Why This Matter Should Not Be Remanded for Lack of Subject Matter Jurisdiction (the "Order to Show Cause"), noting that it appeared that the Court may lack subject matter jurisdiction because "a partnership, limited liability company, or other unincorporated association is joined as a party" requiring the Court to "consider the citizenship of each of the members or partners," but noting that such citizenship had not been sufficiently alleged. The entity at issue is Plaintiff Mexico Desarrollos Socios S. DE R.L. DE C.V. ("Mexico Desarrollos"), a limited liability company organized under the laws of Mexico.

In the Order to Show Cause, the Court cited several cases holding that, where a partnership, limited liability company, or other unincorporated association is joined as a party, a court must consider the citizenship of each of the entity's members or partners. The Court, and the authority cited, is correct. When a limited liability company organized under the laws of the *United States* is joined as a party, a court must consider the citizenship of each of its members. The inquiry, however, is slightly different when a limited liability company (or partnership) organized under the laws of a *foreign state* is joined as a party. When a foreign limited liability company is joined as a party, the entity is not merely treated as its U.S. equivalent, but rather, the determinative issue is whether the entity is recognized as a "juridical person" by the laws of the foreign state under which it is organized. If it is, then the entity is considered a "citizen or subject" of that foreign state for purposes of diversity jurisdiction and there is no inquiry into the

---

[1] Thereafter, on February 2, 2011, Plaintiff Mexico Desarrollos Socios S. DE R.L. DE C.V. filed a jury demand in this Court. Docket Entry No. ("D.E.") 6. On February 9, 2011, Defendant Kimco filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), seeking transfer of the case to the United Sates District Court for the Western District of Texas. (D.E. 8).

KIMCO REALTY CORPORATION'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION
*CHI 60,749,606v5 2-14-11*

citizenship of that entity's members. As set forth below, no inquiry is appropriate here as Mexico Desarrollos is a "juridical person" under the laws of Mexico and thus a "citizen or subject" of Mexico for purposes of diversity jurisdiction.

## KIMCO'S RESPONSE

### A. Diversity Jurisdiction Under 28 U.S.C. § 1332

Federal diversity jurisdiction requires that all defendants be diverse from all plaintiffs and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction may be based on citizenship as well as alienage. *Newman-Green, Inc. v. Alfonzao-Larrain*, 490 U.S. 826, 828 (1989).

Pursuant to 28 U.S.C. §1332(a)(2), district courts "shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000 … and is between …(2) citizens of a State and citizens or subjects of a foreign state." Under 28 U.S.C. § 1332(a)(3), district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties."

### B. "Citizens or Subjects of a Foreign State"

In determining whether diversity jurisdiction exists under 28 U.S.C. § 1332(a)(2), the Ninth Circuit has held that the section applies to "foreign legal entities of all kinds, so long as the entity is considered a juridical person under the law that created it." *Cohn v. Rosenfeld*, 733 F.2d 625, 629 (9th Cir. 1984) (citations omitted).[2] If the foreign legal entity is considered a "juridical person" by the laws of the foreign state, then the entity is considered a "citizen or subject" of that foreign state. *Id.* A "juridical person" is an entity, such as a corporation, created by law and given certain legal rights and duties of a human being - such as being able to sue in its own name. *See* Black's Law Dictionary,

---

[2] The Ninth Circuit's decision in *Cohn* is equally applicable to the existence of diversity jurisdiction when there are "citizens or subjects of a foreign state" under 28 U.S.C. 1332(a)(3).

3

KIMCO REALTY CORPORATION'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION
CHI 60,749,606v5 2-14-11

Eighth Edition, pp. 867 and 1178 (definitions of "juridical person" and "artificial person"); *Cohn*, 733 F.2d at 629-30. Accordingly, in making the diversity jurisdiction determination, a court asks only "whether an entity is regarded as a juridical person by the law under which it was formed." *Id.* at 630 (citing *Puerto Rico v. Russell & Co.*, 288 U.S. 476 (1933) (addressing citizenship of Puerto Rican limited partnership)). A court should not "analyze the 'corporateness' of foreign business entities" or "determine which common law entity [they] most nearly resemble" as "other nations, *particularly civil law nations*, have evolved a scheme of business entities markedly different from that found in the United States." *Id.* at 629-30 (finding efforts to compare American business entities with civil law business entities "virtually meaningless") (emphasis added). Doing so "would involve judicial encroachment on the sovereignty of the nation that formed them" as "[f]oreign nations make their own laws regarding the formation of legal entities." *Id.* The citizenship of the foreign legal entity's members is thus irrelevant. *Id.* at 629-30.[3]

### C. Mexico Desarrollos is a "Juridical Person" under the laws of Mexico and is thus a "Citizen or Subject" of Mexico.

Kimco respectfully submits that the citizenship of Mexico Desarrollos' members is irrelevant for purposes of determining whether complete diversity of citizenship exists between Plaintiff John Pentz, a California domicile, Plaintiff Mexico Desarrollos, and Defendant Kimco, a corporation organized under the laws of the State of Maryland with its principal place of business in New Hyde Park, New York. As noted above, the determinative issue is whether Mexico Desarrollos is a "citizen or subject" of a foreign

---

[3] On February 11, 2010, Plaintiffs filed a their Motion to Remand based, in part, on their belief that "foreign limited liability companies are treated the same way as domestic limited liability companies for diversity purposes." (D.E. 10, p. 13). Rather than address or follow Ninth Circuit precedent, Plaintiffs mistakenly rely on an unreported decision, *Kirby Morgan Dive Sys. v. Hydrospace Ltd.*, No. CV 09-4934 PSG (FFMx), 2010 WL 234791, * 2 (C.D. Cal. Jan. 13, 2010), where the court, based on the allegations of the plaintiff's petition to confirm an arbitration award, noted that the citizenship of one of the defendants, a Scottish limited liability company, is determined by the citizenship of its members, without addressing the *Cohn* and its progeny.

state (Mexico).

Based on Ninth Circuit precedent, Mexico Desarrollos is a "citizen or subject" of a foreign state (Mexico) because it is a "juridical person" under the laws of Mexico. According to Plaintiffs, Mexico Desarrollos is a limited liability company organized under the laws of Mexico. (Complaint, ¶ 2). Limited liability companies organized under the laws of Mexico, including a *Sociedad de Responsabilidad Limitada de Capital Variable*, are juridical persons under the laws of Mexico - a country that bases its legal system on a codified civil law. *See Baja Developments LLC v. TSD Loreto Partners, S en C por A, de C.V.*, No. CV-09-756-PHX-LOA, 2010 WL 1758242, * 3-4 (D. Ariz. April 30, 2010) (finding Mexican limited liability company to be a "juridical person" under Mexican law); *see also* Declaration of Rodrigo Conesa, ¶¶ 6-7). Mexico Desarrollos is thus a "citizen or subject" of Mexico. *Id.*; *Cohn*, 733 F.2d at 629. There is no need to inquire into the citizenship of its members to determine whether diversity jurisdiction exists under 28 U.S.C. § 1332(a)(2) or 1332(a)(3). *Baja Develop.*, 2010 WL 1758242 at * 4 (finding Mexican LLC to be citizen of Mexico for diversity purposes without need to inquire into citizenship of its investors). Accordingly, Kimco need not allege (or establish) the citizenship of Mexico Desarrollos' members to support its petition for removal.

**D.  Removal is Proper Pursuant to 28 U.S.C. 1332(a)(3) or 1332(a)(2).**

Because Mexico Desarrollos is considered a "citizen or subject" of a foreign state (Mexico), Kimco properly removed this matter pursuant to 28 U.S.C. 1332(a)(3) and 1332(a)(2). Plaintiff Mexico Desarrollos is a citizen of **Mexico**. Plaintiff Pentz is a citizen of **California**.[4] And Kimco is a citizen of **Maryland** and **New York**. Complete diversity exists.

---

[4] Plaintiffs' Motion to Remand is also based, in part, on the allegation that Pentz is "stateless" for diversity jurisdiction purposes because he is now domiciled in Mexico and not California. Kimco believes otherwise and will apply for limited and expedited jurisdictional discovery into the domicile of Pentz to properly respond to Plaintiffs' Motion to Remand.

### E. Alternative Request for Limited Discovery

Should the Court determine that Kimco is required to allege, and the Court must consider, the citizenship of Mexico Desarrollos' members, Kimco respectfully requests that the Court grant it leave to conduct jurisdictional discovery to confirm the identity and citizenship of those members.[5] *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 985 (S.D. Cal. 2005) (citing generally *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)) (jurisdictional discovery is permissible when the Court is unable to determine, on the existing record, whether it has jurisdiction).

DATED:  February 14, 2011              GREENBERG TRAURIG, LLP,


               By /s/ Alan A. Greenberg
                 Alan A. Greenberg
                 Alana R. Chimes
                 Attorneys for Defendant,
                 KIMCO REALTY CORPORATION

---

[5] Based on recent communications from Plaintiffs' counsel, Mexico Desarrollos apparently now has two members: Pentz and a Pentz family trust. Documents previously produced by Plaintiffs' counsel noted the existence of three members, including Pentz, at the time of its incorporation. Accordingly, Kimco requests discovery to confirm the identity of Mexico Desarrollos' members and to determine the citizenship of not only Pentz, *see above* fn 3, but also any of its current members.

KIMCO REALTY CORPORATION'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION
CHI 60,749,606v5 2-14-11

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE:**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA 92612**.

On the below date, I served **KIMCO REALTY CORPORATION'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** with the Clerk of the United States District Court for the Central District, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

**Michael T. Hornak**  
**Rutan & Tucker, LLP**  
**611 Anton Blvd., Suite 1400**  
**Costa Mesa, CA 92626**  
**TELEPHONE: 714.641.5100**  
**FACSIMILE: 714.546.9035**

*Attorneys for Plaintiffs, JOHN C. PENTZ, and MEXICO DESARROLLOS SOCIOS S. DE R.L. DE C.V.*

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**

In accordance with the electronic filing procedures of the Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of the Court and at whose direction the service was made.

Executed on February 14, 2011, at Irvine, California.

/s/ Alan A. Greenberg  
Alan A. Greenberg

PROOF OF SERVICE

*CHI 60,749,606v5 2-14-11*